1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

ELECTRONIC SCRIPTING PRODUCTS, INC.,

11

Plaintiff,

12

v.

13

HTC AMERICA, INC.,

14

Defendant.

15

Misc. Case No. 2:21-mc-00088 RSL

Lead Case: 3:17-cv-05806-RS (N.D. Cal.)

**NON-PARTY VALVE CORPORATION'S MOTION TO QUASH SUBPOENA AND FOR PROTECTIVE ORDER**

**NOTE ON MOTION CALENDAR: August 6, 2021**

16

## I.    INTRODUCTION

17

In response to third-party discovery in a patent infringement case pending in the Northern

18

District of California, *Electronic Scripting Products, Inv. v. HTC America, Inc.*, No. 3:17-cv-

19

05806-RS (N.D. Cal.), non-party Valve Corporation has already (i) produced documents, (ii)

20

produced source code for inspection, and (iii) sat for a Rule 30(b)(6) deposition, during which

21

Plaintiff Electronic Scripting Products, Inc. ("ESPi") questioned Valve's designee extensively

22

about Valve's participation in events at issue in that litigation.  ESPi now seeks to subject Valve

23

to further third-party discovery through burdensome and irrelevant document requests and a

24

second Rule 30(b)(6) deposition.  ESPi's unreasonable deposition and document subpoena to

25

Valve should be quashed.

26

VALVE'S MOTION TO QUASH SUBPOENA AND
FOR PROTECTIVE ORDER - 1

124950904

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

1    In the underlying lawsuit, ESPi alleges that certain virtual reality devices sold by HTC

2 under the "Vive" brand (the "HTC Accused Products") infringe ESPi's patent, which generally

3 relates to virtual reality devices and systems. Valve does not sell the HTC Accused Products.

4 Rather, Valve developed the SteamVR Tracking system used in some virtual reality devices,

5 which Valve makes publicly available to anyone without charge. HTC and Valve collaborated to

6 some degree in developing their products, and the HTC Accused Products use a version of

7 Valve's SteamVR Tracking system (HTC also purchases one piece of hardware from Valve for

8 use in one of the HTC Accused Products). ESPi initially named Valve as a defendant when it

9 filed its lawsuit against HTC in October 2017, claiming Valve somehow infringed ESPi's patents

10 but dismissed its claims against Valve three months later. However, Valve has remained the

11 target of third-party discovery, e.g., responding to a document and deposition subpoena by HTC

12 calling for the documents, source code and testimony described in the prior paragraph.

13    ESPi now appears to be using third-party discovery to search for a basis to sue Valve

14 again, and seeks to require Valve to provide broad and burdensome information that is not the

15 proper subject of discovery from a non-party. Specifically, ESPi's recent subpoena seeks to

16 require Valve to engage in another round of document production and another Rule 30(b)(6)

17 deposition, seeking information regarding Valve's patent licensing practices—including for

18 Valve's own products and for other products not accused in the lawsuit—and Valve's revenues

19 and market research. Valve provided a reasonable amount of information in response to ESPi's

20 subpoena, but that did not satisfy ESPi.

21    Among other things, the information ESPi continues to seek through the subpoena is

22 either (1) available and more properly obtained from HTC, a party to the underlying lawsuit, (2)

23 not tethered to the specific devices accused of infringing ESPi's patent or the party's claims or

24 defenses, or (3) highly confidential financial and commercial information. Accordingly,

25 pursuant to Federal Rules of Civil Procedure 26(c) and 45(d)(3), Valve moves to quash the

26

VALVE'S MOTION TO QUASH SUBPOENA AND
FOR PROTECTIVE ORDER - 2

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

1  remaining outstanding document requests and deposition topics in ESPi's subpoena and for a

2  protective order prohibiting ESPi from conducting any additional discovery from Valve.

3                    **II.    BACKGROUND**

4      A.    **ESPi Alleges That HTC Vive Devices—Which Valve Does Not Make or
             Sell—Infringe ESPi's Patent.**

5          The underlying patent infringement lawsuit between ESPi and HTC (pending in the

6  Northern District of California) concerns claims by ESPi that HTC's Vive devices infringe U.S.

7  Patent No. 9,235,934 (the "Patent"), which generally relates to virtual reality or augmented

8  reality devices and systems.  No. 3:17-cv-05806-RS, Dkt. #74 ¶¶ 4–5, 7.  The HTC Vive devices

9  accused in the underlying lawsuit are virtual reality headsets, controllers, and base stations that

10 are made, sold, and/or distributed by HTC.  No. 3:17-cv-05806-RS, Dkt. #22-1 at p. 2.

11         Valve develops and distributes video games over its online gaming platform, Steam

12 (www.steampowered.com).  Valve also developed the SteamVR Tracking system used by

13 various virtual reality devices, including the HTC Vive.  *See* https://partner.steamgames.com/

14 vrlicensing.  Valve makes SteamVR Tracking freely available to any user without licensing fees,

15 including a software toolkit, calibration tools, and schematics and designs for various hardware

16 components.  *Id.*  Anyone interested in using SteamVR Tracking can do so without Valve's

17 review or approval of their products, so long as they comply with Valve's SteamVR Tracking

18 license.  *See* https://steamcommunity.com/app/507090/discussions/0/360671247404603033/.

19         SteamVR Tracking was developed on a roughly parallel track to the HTC Vive, with

20 Valve employees providing technical assistance at times to HTC while HTC was developing the

21 Vive.  No. 3:17-cv-05806-RS, Dkt. #22-1 at p. 2.  However, Valve does not make or sell the

22 HTC Accused Devices.  *Id.*[1]  While Valve included a web page about the HTC Vive in the Store

23 section of Steam, https://store.steampowered.com/vive, that web page directed people to HTC's

24 online store if they wanted to purchase the Vive.  *Id.*  The lack of Valve's participation in sales or

25
26 [1] Valve does make and sell to HTC one piece of hardware called a "base station" that HTC uses
   as one element in one of its virtual reality products, the HTC Vive Pro.

VALVE'S MOTION TO QUASH SUBPOENA AND
FOR PROTECTIVE ORDER - 3

**FOX ROTHSCHILD LLP**
**1001 FOURTH AVENUE, SUITE 4500**
**SEATTLE, WA 98154**
**206.624.3600**

marketing of the HTC Accused Devices is apparent from the fact that that web page *still* tells
viewers to "Get Ready" and to "Pre-Order Now", even though HTC released the Vive over five
years ago—the web page has not been updated.

ESPi initially named Valve as a defendant in its original Complaint on October 9, 2017,
but then voluntarily dismissed Valve three months later on January 25, 2018.  No. 3:17-cv-
05806-RS, Dkts. #1 & 33.  ESPi's subpoena ignores that ESPi dismissed all claims against Valve
over three years ago, and instead seeks to take broad discovery—including on issues such as
Valve's own products and Valve's financials—as if Valve were still a party, which it is not.

### B.    Valve Already Responded to One Round of Non-Party Discovery and Sat for a Rule 30(b)(6) Deposition.

The parties already took one round of non-party discovery from Valve.  In response to a
subpoena from HTC, Valve produced source code and hundreds of pages of documents related to
SteamVR Tracking.  Declaration of Gavin W. Skok in Support of Valve's Motion to Quash
Subpoena and for Protective Order ("Skok Decl.") ¶ 2.  In response to that same subpoena, Valve
also prepared a corporate designee and sat for a broad-ranging, multi-hour deposition on July 14,
2021, regarding the design, development, and operation of SteamVR Tracking as used in the
HTC Accused Products.  *Id.*  ESPi's counsel participated in that deposition and questioned
Valve's corporate designee on these topics at length, even to a greater degree than HTC did.  *Id.*

### C.    ESPi Sent a Second Subpoena to Valve, Broadly Requesting Additional Discovery About Valve's Own Patent Licensing and Financial Information.

Prior to Valve's July 14 deposition, Valve warned ESPi in a June 15, 2021 letter that
"[p]reparing for and providing deposition testimony places a substantial burden on Valve,
causing business disruption and pulling employees away from their work to respond to discovery
in litigation that Valve is not a party to" and asked ESPi to provide any topics on which it
intended to seek Rule 30(b)(6) testimony from Valve "to provide sufficient time for Valve to
review the notice, make any necessary objections, and identify and prepare designees."  Skok
Decl. ¶ 3, Ex. A.

VALVE'S MOTION TO QUASH SUBPOENA AND
FOR PROTECTIVE ORDER - 4

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

ESPi responded on June 22 by listing proposed topic areas, including Valve's licensing and agreements with HTC and third parties, as well as financial information.  Skok Decl. ¶ 4, Ex. B.  In response, on June 23, Valve's counsel told ESPi that "[t]hose don't necessarily sound like things ESPi would need from Valve or that Valve would agree to" but invited ESPi to provide a Rule 30(b)(6) deposition notice during the week of June 21 in advance of the July 4 holiday weekend, stating "[w]e will review it and make any necessary objections, then we can try to work through any remaining issues."  *Id.*  ESPi did not send a deposition notice as requested or even respond, so Valve again on July 1 asked ESPi's counsel to "[p]lease let me know ESPi's position on these matters."  Skok Decl. ¶ 5, Ex. B.  ESPi provided a small amount of additional description of the proposed topic areas, then on the afternoon of Friday, July 2, sent a deposition and document subpoena to Valve's counsel.  Skok Decl. ¶¶ 5–6, Exs. B & C.

ESPi's subpoena demanded that Valve produce documents and witnesses to testify at a deposition on July 26, 2021, in Bellevue, Washington regarding topics like those Valve had previously told ESPi it would object to.  Skok Decl., Ex. C.  ESPi's subpoena broadly seeks Valve's patent licensing and financial information, along with information about the HTC Accused Products that ESPi can—and should—obtain from HTC, including documents and testimony about:

- Sales and licensing of the HTC Accused Products, including licensing fees, royalties, and payments between Valve and HTC (Topic Nos. 3–4, Request Nos. 4–5);
- Valve's licensing of "any technology for or pertaining to virtual or augmented reality"—including Valve's own Index virtual reality device (not an HTC product or an HTC Accused Product in the underlying litigation)—along with any licensing agreements between Valve and third parties and any fees, royalties, and compensation paid or received between Valve and third parties (Topic Nos. 6–7, Request Nos. 7–8);
- Revenues for the HTC Accused Products for the last six years (Topic No. 5, Request No. 6); and

**Fox Rothschild LLP**
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154
206.624.3600

- Marketing and market research related to the HTC Accused Products (Topic Nos. 1–2, Request Nos. 2–3).

*See id.*

Given the breadth of ESPi's subpoena, the burden of responding, and the irrelevant information sought, and consistent with its prior warnings to ESPi about these topics, Valve formally served objections on July 19, 2021. Skok Decl. ¶ 7, Ex. D. Among other objections:

- Valve objected to Topic Nos. 1–4 and Request Nos. 2–5 because the information they sought related to HTC agreements and revenues, and marketing of the HTC accused devices, that was equally or more readily available through party discovery from HTC, and ESPi had not demonstrated a need for imposing an undue burden on Valve, a non-party, to obtain that information.

- Valve also objected to Topic Nos. 6–7 and Request Nos. 7–8 as overbroad, unduly burdensome, and seeking information that went beyond the scope of allowable discovery because they requested information related to products ***other than*** the HTC Accused Products, *including Valve's own products* and Valve's licensing practices and agreements with third parties.

- Valve objected to Topic No. 5 and Request No. 6 as overbroad and unduly burdensome because they sought highly confidential financial information from Valve that was not relevant to any issues in the case and which could also be obtained from HTC, to the extent any payments from HTC to Valve were made or were relevant.

*See* Skok Decl., Ex. D.

Valve's counsel met and conferred with ESPi's counsel about the subpoena and Valve's objections on July 21, 2021. Skok Decl. ¶ 8. ESPi's counsel did not dispute that the subpoena called for Valve to gather, produce, and testify about documents information that could be the subject of party discovery from HTC. *Id.* Instead, ESPi claimed it had "exhausted" discovery

VALVE'S MOTION TO QUASH SUBPOENA AND
FOR PROTECTIVE ORDER - 6

**Fox Rothschild LLP**
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154
206.624.3600

with HTC, was unhappy with the results, and sought to "corroborate" HTC's responses by asking for these materials and testimony from Valve—in essence, asking for the same materials twice, once from a non-party.  *Id.*  Valve's counsel subsequently learned from HTC that despite ESPi's claims of being unsatisfied with HTC's discovery responses, ESPi has not sought to enforce its party discovery against HTC or moved to compel further responses.  *Id.*

ESPi also admitted during the parties' July 21 meet and confer that it was seeking information through the subpoena about Valve's Index virtual reality device—which is not made by HTC and not an accused product in the underlying litigation—arguing that highly confidential information about the Valve Index (including licensing and financial information) was somehow relevant to ESPi's reasonable royalty damages claim against HTC.  *Id.* ¶ 9.  ESPi also argued that Valve was "not really a third-party" because it had early on been named in this lawsuit (before ESPi dismissed its claims) and had participated in a separate *inter partes* review action at the United State Patent and Trademark Office regarding the patents asserted against HTC.  *Id.*

Valve subsequently produced certain information to ESPi related to the HTC Accused Products, including:

- With respect to ESPi's demand that Valve produce information regarding its licensing of SteamVR Tracking and licensing fees it charges, Valve directed ESPi to public information on Valve's website that explained "Valve is now making SteamVR Tracking fully available to other companies, without licensing fees" and included Valve's licensing materials for SteamVR Tracking.  Skok Decl. ¶ 10(a), Ex. E.[2]

- With respect to ESPi's request for agreements and payments between HTC and Valve, even though this should have been obtained through party discovery, Valve in a good faith effort to avoid further dispute produced agreements and amendments between Valve and HTC that may relate to the HTC Accused Products.  Skok Decl. ¶ 10(b).

---

[2] Valve directed ESPi to https://partner.steamgames.com/vrlicensing and https://steamcommunity.com/app/507090/discussions/0/360671247404603033/.

VALVE'S MOTION TO QUASH SUBPOENA AND
FOR PROTECTIVE ORDER - 7

Fox Rothschild LLP
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154
206.624.3600

- With respect to ESPi's marketing information requests, Valve directed ESPi to the web page on Steam for the HTC Vive and explained it had been unable to locate other marketing material as of that time through a reasonable search. *Id.* ¶ 10(c), Ex. E.

Based on its objections, Valve declined to provide further information regarding Valve's own products that were not at issue in the lawsuit or its financials, or to appear for a second deposition. *Id.* ¶ 11. The parties met and conferred by phone first on July 21, 2021, subsequently exchanged multiple emails, and met and conferred by phone a second time on July 29, 2021 but were unable to reach an agreement on those issues. *Id.* ¶¶ 8, 12.

## III.    <u>ARGUMENT</u>

Like any other method of discovery, a Rule 45 subpoena is subject to the limitations of Rule 26. *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D. 406, 409 (C.D. Cal. 2014). Under Rule 26, courts may limit discovery that is not relevant to any party's claim or defense, that is not proportional to the needs of the case, or that may be obtained from some source that is more convenient, less burdensome, or less expensive. Fed. R. Civ. P. 26(b)(1), (2)(C).

In addition, Rule 45 offers greater protections to non-parties served with subpoenas to protect against improper and burdensome discovery. *See* Fed. R. Civ. P. 45(d)(1), (3); *see also Maplebear Inc. v. Uber Techs., Inc.*, No. 21-MC-80007-SK, 2021 WL 1845535, at *1 (N.D. Cal. Mar. 23, 2021) ("The Ninth Circuit has long held that nonparties subject to discovery requests deserve extra protection from the courts.") (citation omitted); *Rollins v. Traylor Bros., Inc.*, No. C14-1414-JCC, 2017 WL 1756576, at *1 (W.D. Wash. May 5, 2017) ("[D]iscovery against a nonparty is more limited than the liberal discovery against parties.").

If a subpoena subjects a non-party to undue burden, the Court must quash or modify the subpoena. Fed R. Civ. P. 45(d)(3)(A)(iv). "In determining whether a subpoena poses an undue burden, courts weigh the burden to the subpoenaed party against the value of the information to the serving party." *Amini Innovation*, 300 F.R.D. at 409 (internal quotations omitted) (citation

**FOX ROTHSCHILD LLP**
**1001 FOURTH AVENUE, SUITE 4500**
**SEATTLE, WA 98154**
**206.624.3600**

1    omitted).  "[O]ther factors a court should consider include the relevance of the requested

2    information and the breadth or specificity of the discovery request."  *Id.* at 409–10.  The Court

3    may also quash or modify a subpoena that requires disclosure of confidential commercial

4    information.  Fed. R. Civ. P. 45(d)(3)(A)(B)(i).

5        Here, the remaining portions of the Deposition Topics and Document Requests in ESPi's

6    subpoena should be quashed because they:  (A) seek information that is available and more

7    properly obtained from HTC, a party to this litigation, without burdening a non-party; (B) seek

8    information about products other than the HTC Accused Products, which is entirely irrelevant to

9    the claims or defenses in this case; and (C) seek highly confidential financial information from

10   Valve that is not relevant to any issues in dispute.  Valve brings this motion in this District

11   because Bellevue is the place where compliance is required.  *See* Fed. R. Civ. P. 45(d)(3)(A).

12
13   **A.    The Subpoena Seeks Licensing, Financial and Marketing Information That Is Equally Available From HTC, a Party to this Litigation, Without Unduly Burdening a Third Party (Topic Nos. 1–4 & Request Nos. 2–5).**

14       ESPi's subpoena seeks testimony and documents related to the licensing and sale of the

15   HTC Accused Products.  Skok Decl., Ex. C (Topic Nos. 3–4 & Request Nos. 4–5).  All of this

16   information is available from HTC, a party to this litigation, and more properly obtained from

17   HTC.  In fact, ESPi's counsel admitted that ESPi has already requested this information from

18   HTC in discovery but was unsatisfied with HTC's response.  Skok Decl. ¶ 8.  That ESPi felt

19   HTC's response was insufficient does not warrant rehashing that same discovery by serving a

20   subpoena on Valve, a non-party, particularly when ESPi has not even tried to enforce its party

21   discovery against HTC.

22       In an effort to avoid the need for motions practice or further dispute, Valve produced to

23   ESPi eight agreements and amendments between Valve and HTC that might possibly relate to

24   the HTC Accused Products, but directed ESPi to HTC for further information or testimony

25   regarding these matters or other matters about the HTC Accused Products.  *Id.* ¶ 10(b), Ex. E.

26   Insofar as ESPi contends that Valve must also produce information regarding payments between

VALVE'S MOTION TO QUASH SUBPOENA AND
FOR PROTECTIVE ORDER - 9

HTC and Valve, (a) that information is more readily obtainable from HTC through party

discovery, and (b) Valve's own revenues or expenses are entirely irrelevant to whether HTC

infringed ESPi's patent.

ESPi's attempt to shift the burden of party discovery to non-party Valve is improper and

imposes an undue burden on Valve.  Courts routinely quash non-party subpoenas that seek

information that may be obtained from parties to the litigation.  *See, e.g.*, *Va. Dep't of Corr. v.*

*Jordan*, 921 F.3d 180, 189 (4th Cir. 2019) ("Bystanders should not be drawn into the parties'

dispute without some good reason. . . . For example, a party's email provider might well possess

emails that would be discoverable from the party herself.  But unless the email provider can offer

important information that cannot be obtained from the party directly, there would be no cause

for a subpoena against the provider."), *cert. denied*, 140 S. Ct. 672 (2019); *Haworth, Inc. v.*

*Herman Miller, Inc.*, 998 F.2d 975, 978 (Fed. Cir. 1993) (affirming district court's order

requiring defendant in patent infringement action "to seek discovery from its party opponent

before burdening the nonparty"); *Arista Records LLC v. Lime Grp. LLC*, No. 2:10-CV-02074-

MJP, 2011 WL 679490, at *2 (W.D. Wash. Feb. 9, 2011) ("When an opposing party and non-

party both possess documents, the documents should be sought from the party to the case.");

*Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) ("There is simply no

reason to burden nonparties when the documents sought are in possession of the party

defendant.").

Similarly, insofar as ESPi contends Valve should be required to conduct further searches

for documents or produce a witness to testify on Topic No. 1 and Request Nos. 2–3 regarding

marketing of the HTC Accused Devices (despite Valve already completing a reasonable, non-

custodial search and identifying only a single listing for the HTC Vive on Valve's Steam

platform), such information is also more properly obtained through party discovery from HTC.

VALVE'S MOTION TO QUASH SUBPOENA AND
FOR PROTECTIVE ORDER - 10

1    There is simply no reason to insist that Valve search for, produce, and testify about

2    information that ESPi can and should obtain from HTC through party discovery.  Topic Nos. 1–4

3    and Request Nos. 4–5 in ESPi's subpoena should be quashed.

4    **B.    ESPi's Subpoena Seeks Information Related to Non-Accused Products,**
     **Including Valve's Own Products, Which Is Wholly Irrelevant and Unduly**

5    **Burdensome (Topic Nos. 6–7 & Request Nos. 7–8).**

6    ESPi's subpoena also improperly requests information that is entirely irrelevant to the

7    claims and defenses at issue in this case.  Topic Nos. 6–7 and Request Nos. 7–8 seek testimony

8    and documents related to Valve's licensing and compensation with third parties for products

9    other than the HTC Accused Products, *including for Valve's own Index virtual reality product*,

10   which is not an accused product in this case.  Skok Decl., Ex. C (Topic Nos. 6–7 & Request Nos.

11   7–8).  This is an obvious fishing expedition looking for claims to assert against Valve in

12   subsequent litigation.

13   Any discovery beyond the HTC Accused Products—including into any of Valve's own

14   products—is irrelevant and should be quashed.  *See, e.g.*, *Medtronic MiniMed, Inc. v. Animas*

15   *Corp.*, No. C13-80294-WHA, 2014 WL 308952, at *2 (N.D. Cal. Jan. 27, 2014) (quashing

16   subpoena request related to non-accused products because the request was "not sufficiently

17   tethered to the underlying patent litigation" and thus unduly burdensome); *Caliper Techs. Corp.*

18   *v. Molecular Devices Corp.*, 213 F.R.D. 555, 558 (N.D. Cal. 2003) (denying request to compel

19   information related non-accused products; "[a] party may not obtain documents in order to

20   discover whether it has a cause of action"); *see also Hitkansut LLC v. United States*, 119 Fed. Cl.

21   40, 47 (Fed. Cl. 2014) ("The court's subpoena power may not be used to help the plaintiffs bring

22   an infringement action against nonparties.").

23   **C.    The Subpoena Seeks Highly Confidential Financial Information That Is**
     **Not Relevant (Topic No. 5 & Request No. 6).**

24   Topic No. 5 and Request No. 6 seek testimony and documents regarding Valve's revenue

25   related to the HTC Accused Products.  Skok Decl., Ex. C (Topic No. 5 & Request No. 6).

26   Regardless of whether HTC's revenues for the HTC Accused Products are relevant to ESPi's

VALVE'S MOTION TO QUASH SUBPOENA AND
FOR PROTECTIVE ORDER - 11

**FOX ROTHSCHILD LLP**
**1001 FOURTH AVENUE, SUITE 4500**
**SEATTLE, WA 98154**
**206.624.3600**

1  claims or potential damages, revenue earned by a non-party such as Valve is completely

2  irrelevant.  Moreover, Valve did not sell the HTC Accused Products so it has no revenues from

3  them.  As explained above, the web page on Steam about the HTC Vive directed people to

4  HTC's online store if they wanted to purchase it.  *See* https://store.steampowered.com/vive.

5  Insofar as Valve received any revenues from the sale of the "base station" hardware component

6  to HTC for use by HTC as one piece in one of the HTC Accused Devices, <u>HTC</u> will have that

7  information, which is more readily and properly available through party discovery.

8          The information sought by Topic No. 5 and Request No. 6 is also highly confidential.

9  Non-parties like Valve should be afforded greater protections for disclosure of confidential

10 information.  *E.g.*, *Dart Indus. Co. v. Westwood Chem. Co.*, 649 F.2d 646, 649 (9th Cir. 1980)

11 (noting that discovery should be more limited to protect non-parties from "harassment,

12 inconvenience, or disclosure of confidential documents"); *Steuben Foods, Inc. v. Shibuya*

13 *Hoppmann Corp.*, No. 1:10-CV-00781-EAW, 2017 WL 1483548, at *2 (W.D.N.Y. Apr. 25,

14 2017) ("[I]t is appropriate to provide additional protections for non-parties who are uninvolved in

15 the day-to-day litigation of this matter and, therefore, are disadvantaged with respect to their

16 ability to protect their business interests."); *In re Northshore Univ. Healthsystem*, 254 F.R.D.

17 338, 344 (N.D. Ill. 2008) ("Deference should be paid to the interests of non-parties who are

18 requested to produce documents or other materials that contain confidential commercial

19 information or trade secrets.").  Valve should not be required to disclose highly confidential

20 financial information where such information has no bearing on the issues in dispute, particularly

21 to a plaintiff that already tried (unsuccessfully) to sue Valve once and is now obviously looking

22 for a basis to sue again.

## IV.    <u>CONCLUSION</u>

24          Valve respectfully requests that the Court quash the remaining document requests and

25 deposition topics in ESPi's subpoena and enter a protective order prohibiting ESPi from

26 conducting any additional discovery from Valve.

VALVE'S MOTION TO QUASH SUBPOENA AND
FOR PROTECTIVE ORDER - 12

**Fox Rothschild LLP**
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154
206.624.3600

1      DATED this 29th day of July, 2021

2                                          FOX ROTHSCHILD LLP

3

4                                          _s/ Gavin W. Skok_
                                           Gavin W. Skok, WSBA #29766
5                                          Laura P. Hansen, WSBA #48669
                                           1001 Fourth Avenue, Suite 4500
6                                          Seattle, WA 98154
                                           Telephone:  206.624.3600
7                                          Facsimile:  206.389.1708
                                           Email:  gskok@foxrothschild.com
8                                                    lhansen@foxrothschild.com

9                                          _Attorneys for non-party Valve Corporation_

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

VALVE'S MOTION TO QUASH SUBPOENA AND
FOR PROTECTIVE ORDER - 13

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

### CERTIFICATE OF SERVICE

I certify that I am a secretary at the law firm of Fox Rothschild LLP in Seattle,

Washington.  I am a U.S. citizen over the age of eighteen years and not a party to the within

cause.  On the date shown below, I caused to be served a true and correct copy of the foregoing

on counsel of record for all other parties to this action as indicated below:

| Service List | |
|---|---|
| Gary A. Angel, Esq.<br>Frear Stephen Schmid<br>Law Offices of Gary A. Angel<br>90 New Montgomery Street, Suite 600<br>San Francisco, CA  94105<br>Email: angelgary@aol.com<br>frearschmid@aol.com<br><br>Attorneys for Plaintiff | ☐ Via US Mail<br>☐ Via Messenger<br>☒ Via CM/ECF / Email<br>☐ Via over-night delivery |
| Matthew Cook Bernstein<br>Perkins Coie LLP<br>11988 El Camino Real<br>San Diego, CA 92130<br>858-720-5721<br>Fax: 858-720-5799<br>Email: mbernstein@perkinscoie.com<br><br>Evan Skinner Day<br>Ruchika Verma<br>Perkins Coie LLP<br>11452 El Camino Real, Suite 400<br>San Diego, WA  92130<br>Email: EDay@perkinscoie.com<br>rverma@perkinscoie.com<br><br>Thomas Jesse Hindman<br>HINDMAN APC<br>402 W. Broadway, Suite 1520<br>San Diego, CA  92011<br>Email: jesse@hindmanapc.com<br><br>Attorneys for Defendant | ☐ Via US Mail<br>☐ Via Messenger<br>☒ Via CM/ECF / Email<br>☐ Via over-night delivery |

VALVE'S MOTION TO QUASH SUBPOENA AND
FOR PROTECTIVE ORDER - 14

**FOX ROTHSCHILD LLP**
**1001 FOURTH AVENUE, SUITE 4500**
**SEATTLE, WA 98154**
**206.624.3600**

1    I declare under penalty of perjury under the laws of the State of Washington that the

2    foregoing is true and correct.

3    EXECUTED this 29th day of July, 2021, in Seattle, Washington.

4

5    Courtney R. Brooks

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

VALVE'S MOTION TO QUASH SUBPOENA AND
FOR PROTECTIVE ORDER - 15